IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CENTENNIAL MOLDING, LLC, | ) | CASE NO. 8:05CV175 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| TOTE-A-LUBE, | ) | |
| a Minnesota corporation, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process (Filing No. 6). Plaintiff, Centennial Molding, LLC, and Defendant, Tote-A-Lube, both submitted briefs and indexes of evidence in support of their respective positions. For the reasons stated below, the Defendant's Motion to Dismiss will be denied.

**FACTS**

The Plaintiff, Centennial Molding, LLC ("Centennial"), is a limited liability company existing under the laws of the state of Nebraska and having its principal place of business in Hastings, Nebraska. (Complaint, Filing No. 1, ¶2). Centennial manufactures liquid storage and dispensing tanks and sells the tanks in interstate commerce. (*Id.*).

On January 7, 2002, an attorney purporting to represent "Anthony Schmitt[,] . . . the inventor and owner of U.S. Patent No[.] 6,135,324 . . . for stackable containers for storing and dispensing liquids[,]" wrote to Centennial, alleging that Centennial's stackable containers were substantially the same as those described in U.S. Patent No. 6,135,324 (hereafter "324 Patent"). (Filing No. 10, Exhibit 2). The attorney expressed confusion as to the source of Centennial's stackable containers, and asked Centennial to contact him within 30 days. (*Id.*).

In January 2003, Anthony L. Schmitt assigned his rights in the 324 Patent and the federally-registered trademark "Tote-A-Lube," to Ronald S. Carlson.  (Filing No. 7, Affidavit of Ronald S. Carlson ("Carlson Aff.") ¶2; Filing No. 13, Second Affidavit of Nicholas S. Kuhlmann ("Kuhlmann Aff. II"), Ex. 1).  On January 8, 2003, Carlson formed a Minnesota corporation, "Lagr, Inc.," doing business as Davtone and/or as Tote-A-Lube.  (*Id.* ¶4).  Carlson is the owner and president of Lagr, Inc.  (*Id.*).

On January 14, 2005, an attorney from a different law firm wrote to Centennial regarding the 324 Patent, informing Centennial that "Tote-A-Lube is the owner of the original patent and the re-issue application." (Filing No. 10, Ex. 1).  This attorney purported to be writing Centennial to "offer [it] the opportunity to license the storage and dispensing unit technology now from our client, Tote-A-Lube." (*Id.*).  The letter made no mention of Carlson or Lagr, Inc.

On April 20, 2005, Centennial filed this action seeking a declaratory judgment of non infringement and invalidity of the 324 Patent.  (Filing No. 1).  The Clerk issued a summons to Tote-A-Lube at 25982 81st Avenue, St. Cloud, MN 56301.  (Filing No. 4).  The address was in fact that of Anthony L. Schmitt, as it appeared on U.S. Patent No. 6,135,324, when issued to Schmitt on October 24, 2000.  (Filing No. 7, Affidavit of Nicholas S. Kuhlmann ("Kuhlmann Aff. I") Ex. 3).  The summons, sent by certified mail on April 21, 2005, was forwarded to "Ron Carlson, Tote-A-Lube, P.O. Box 220, Motley, MN 56466," which is also the mailing address of Lagr, Inc.  (Carlson Aff. ¶4, and Ex. 2).

On April 27, 2005, Carlson asked Jim Benson, an "independent sales representative of Lagr., Inc." to be present at Lagr Inc.'s business address to answer incoming phone calls during Carlson's absence.  (Carlson Aff. ¶7).  That day, Benson received and signed for

the certified mail, containing the summons.  (*Id.* at Ex. 1 and ¶7; and Filing No. 5).  The

mail receipt included boxes for the recipient to check, indicating status as "agent" or

"addressee."   Benson left the boxes empty.   The form also contained spaces to be

completed by the postal representative, indicating the date of delivery and whether the

delivery address was different from the address used by the sender.   Those spaces

contain a postal stamp, indicating a delivery date of April 27, 2005, and a delivery location

of Motley, MN 56466.  (Carlson Aff., Ex. 1).  Centennial's lawyer filed a return of service

with the return receipt on May 3, 2005.  (Filing No. 5).

After discovering the discrepancy in the addresses, Centennial's lawyer sent a copy

of the summons and Complaint by certified mail to Tote-A-Lube at 49 Highway 10 S.E.,

Motley, Minnesota 56466.  (Filing No. 9, p. 4; Affidavit of Dennis L. Thomte, ("Thomte Aff.")

Filing No. 10, ¶¶ 5-6, Ex. 3-4).  That is the street address of Lagr, Inc.  (Carlson Aff. ¶4).

Carlson signed the return receipt[1] and the receipt was mailed back to Centennial's lawyers

on May 27, 2005.  (Thomte Aff. ¶¶5-6, Ex. 3-4.).

On May 23, 2005, Lagr, Inc., filed an action against Centennial in the U.S. District

Court for the District of Minnesota, for patent infringement.  (Filing No. 13, Second Affidavit

of Nicholas S. Kuhlmann ("Kuhlmann Aff. II"), Ex. 2).  That action alleges that Lagr, Inc.,

is the "assignee and owner of the entire right, title and interest in and to the 324 Patent"

(*id.* ¶8), although a patent search conducted by one of Lagr's lawyers on June 16, 2005,

showed the patent assigned to Ronald S. Carlson.  (Kuhlmann Aff. II ¶2, and Ex. 1).

Nothing in the record before the Court at this time shows the patent having been assigned

---

[1]  Although Carlson dated the receipt "2/27/05," it does not appear to be disputed that he signed
the receipt on May 27, 2005.

to Lagr, Inc., by Carlson.  To the contrary, Carlson's affidavit of May 23, 2005, states that he owns the exclusive rights to the 324 Patent.  (Carlson Aff. ¶ 1).

## ANALYSIS

Fed. R. Civ. P. 12(b)(5) provides that a defendant may move to dismiss an action for "insufficiency of service of process."  The Defendant, appearing as Lagr, Inc., for purposes of the motion, does not contest sufficiency of process based on the Plaintiff's use of the Defendant's trade name, Tote-A-Lube.[2]  Instead, the Defendant contends that service of process was insufficient because (1) the certified mailing of April 21, 2005, containing the summons was addressed to a location other than the Defendant's registered office, and (2) the certified mailing was accepted by a person not an officer, director, managing agent, or registered agent of the Defendant.

Fed. R. Civ. P. 4(h) provides:

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation . . . shall be effected:
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . .

Fed. R. Civ. P. 4(e) provides:

> Unless otherwise provided by federal law, service upon an individual . . . may be effected in any judicial district of the United States:
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State . . . .

---

[2]  The Defendant does fault the Plaintiff for failing to discover the Defendant's true name. Defendant's Brief, Filing No. 8, p.6, n.2.  Such criticism appears unwarranted in light of the evidence that the Defendant informed the Plaintiff that "Tote-A-Lube" was the owner of the 324 Patent, and in light of the Defendant's present inconsistent assertions regarding the true ownership of the 324 Patent.

Under Nebraska law, a plaintiff may elect to have service made by certified mail "which shall be made by (i) within ten days of issuance, sending the summons to the defendant by certified mail with a return receipt requested showing to whom and where delivered and the date of delivery, and (ii) filing with the court proof of service with the signed receipt attached." Neb. Rev. Stat. § 25-505.01 (Reissue 1995). "A corporation may be served by personal, residence, or certified mail service upon any officer, director, managing agent, or registered agent, or by leaving the process at the corporation's registered office with a person employed therein, or by certified mail service to the corporation's registered office."  Neb. Rev. Stat. § 25-509.01 (Reissue 1995).

In this case, the summons was timely sent by certified mail to the Defendant's mailing address, albeit by way of a forwarding process.  The Defendant received actual notice of the lawsuit, and there is no indication that the Defendant was in any way prejudiced by the manner of service.  In fact, the Defendant *wants* to litigate the issues raised in the Complaint, although it prefers a different forum.

The Defendant relies on the reasoning in *Dodco., Inc. v. American Bonding Co.*, 7 F.3d 1387 (8th Cir. 1993), for the proposition that Benson was not an agent of the Defendant authorized to receive service of process.  The Defendant's arguments might be well taken if Benson, like the questionable "agent" in *Dodco,* had been the subject of personal service.  Instead, Centennial served the Defendant by certified mail delivered to the Defendant's post office box.  The Defendant chose to leave Benson in charge of its office with access to mail received at its post office box and, at a minimum, with implied authority to accept certified mail.

5

The service of process on the Defendant complied in all substantial respects with Neb. Rev. Stat. § 25-505.01(c) and 25-509.01, and provided actual notice to the Defendant. Evidence that service actually reached the intended person strongly supports a conclusion that service is valid because due process has been afforded. *See Minnesota Mining and Mfg. Co. v. Kirkevold,* 87 F.R.D. 317, 324 (D. Minn. 1980)(holding that where actual notice is received, the rules governing service should be liberally construed to uphold the service). Service of process is intended to give notice to a defendant and, due process requires that service of process must be reasonably calculated to reach the defendant. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (stating "due process [requires] . . . notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.")

## CONCLUSION

Because Centennial substantially complied with the technical requirements of service of process under Fed. R. Civ. P. 4; and because the Defendant received timely actual notice of this action; and because the Defendant has shown no prejudice resulting from any technical irregularity in the service of process; the Defendant's motion to dismiss will be denied.

IT IS ORDERED:

1.      Defendant Tote-A-Lube's Motion to Dismiss (Filing No. 6) is denied.

Dated this 26th day of August, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge